UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 02 CR 310 |
| v. | ) |
| | ) Honorable Rebecca Pallmeyer |
| SCOTT R. FAWELL, et al. | ) |

### NOTICE OF FILING

TO: Michael W. Fleming
Law Office of Fleming & Kleeman
360 West Butterfield Road, Suite 200
Elmhurst, IL 60126
(Fax: 630-941-2852)

PLEASE TAKE NOTICE that on THURSDAY, MARCH 13, 2003 the undersigned filed with the Clerk of this Court GOVERNMENT'S RESPONSE TO MOTIONS TO INTERVENE AND REMOVE LIS PENDENS, service of which being made upon you.

Respectfully Submitted,

PATRICK J. FITZGERALD
United States Attorney

By: /s/ Marsha A. McClellan /MA
MARSHA A. McCLELLAN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-2814

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK    )

Michelle Appling, being first duly sworn on oath, deposes and says that she is employed in the office of the United States Attorney for the Northern District of Illinois; that on the 13th day of MARCH, 2003 she caused a copy of the foregoing to be faxed to the above addressees on said date.

/s/ Michelle Appling

SUBSCRIBED and SWORN TO before me
this 13th day of MARCH, 2003

/s/ Marina Ravello
NOTARY PUBLIC

"OFFICIAL SEAL"
MARINA RAVELLO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION [...] /7/2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) No. 02 CR 310 | |
| v. | ) | |
| | ) Hon. Rebecca Pallmeyer | |
| SCOTT R. FAWELL et al. | ) | |

FILED MAR 13 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

### Government's Response to Motions to Intervene and Remove *Lis Pendens*

The United States of America, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, for its response to Joan Elizabeth Mitnick's motions to intervene and remove *lis pendens* states as follows:

On April 2, 2002, the grand jury returned a multiple count indictment against Citizens for George Ryan Sr. and Scott R. Fawell. The indictment included a forfeiture count alleging that certain property was subject to forfeiture. A copy of the forfeiture allegations included in the indictment is attached to this response and marked Exhibit A. Specifically, real property located at 4000 Green Willow Lane, St. Charles, Illinois is identified in the indictment as a substitute asset believed to be subject to forfeiture.

Pursuant to the allegations in the indictment, the United States filed a *lis pendens* notice against the real property with the Recorder's Office in Kane County, Illinois on or about April 25, 2002.[1] A copy of the filed notice is attached as Exhibit B. Because the county recorder noticed an error in the lot number, an amended notice of *lis pendens* was filed on or about May 10, 2002. A copy of this amended notice is attached as Exhibit C.

---

[1] While the issue surrounding the restraint of substitute assets is an open question in the Seventh Circuit, the filing of a *lis pendens* notice is not considered to be a seizure. *See U.S. v. St. Pierre*, 950 F.Supp. 334 (M.D. Fla. 1996).



Despite widely-publicized notice of the indictment and a *lis pendens* notice of record, defendant Scott Fawell's spouse, Joan Mitnick apparently took defendant Fawell's interest in the above real property in settlement of various marital property issues. She now seeks to intervene in the criminal case, not far from completion, as a third-party, requesting that this Court order the release of the *lis pendens* notice. For the reasons stated below, this request should be denied at this time.

The real property at issue is believed to be subject to forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Subsection (i) of § 1963 specifically prohibits the precise relief sought by Mitnick at this time. The reasons for this provision are obvious. Since the guilt phase of the proceedings has yet to be completed, it is pre-mature to litigate the interests of third parties whose claims are not relevant to the resolution of the charges.[2]

In support of her claim to have the *lis pendens* notice released, Ms. Mitnick relies upon *U.S. v. Lee* 232 F. 3d 556(7th Cir. 2000). Her reliance on *Lee* is misplaced. Preliminarily, as set forth in *Lee,* state property law controls the answer to this question. Moreover, according to counsel for Ms. Mitnick, the property, unlike the property in *Lee*, is held in joint tenancy. In Illinois, through separate actions, joint tenants can encumber their property held in joint tenancy. Additionally, such an encumbrance remains valid when the interest in transferred, particularly when the surviving joint tenant had notice of the encumbrance as Ms. Mitnick did in this case. *See Johnson v. Beneficial Finance Company of Illinois et al.* 154 Ill. App. 3d 672, 506 N.E. 2d 1025, 1027 (1987). After all, it would hardly be fair to permit joint tenants to encumber their property interests then transfer those interests to their joint tenants to avoid various obligations.

---

[2] In response to Mitnick's argument for equitable relief, the government offered and remains willing to cooperate in any efforts to re-finance the property or clear the title at sale without completely relinquishing its position.

Wherefore the government requests that these motions be denied without prejudice.

Respectfully Submitted,

PATRICK J. FITZGERALD
United States Attorney

By: _____
Marsha A. McClellan
Assistant United States Attorney

## FORFEITURE ALLEGATIONS

The SPECIAL JULY 2000-2 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference the allegations of Count One of this Indictment for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963.

2. As a result of their violation of Title 18, United States Code, Section 1962(c),

>   SCOTT R. FAWELL and
>   CITIZENS FOR RYAN,

defendants herein:

(a) have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

(b) have interests in, securities of, claims against, and property and contractual rights which afforded a source of influence over the enterprise named and described herein, which the defendants established, operated, controlled, conducted and participated in the conduct of in violation of Title 18, United States Code, Section 1962, and which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

(c) have property constituting and derived from proceeds that the defendants obtained, directly and indirectly, from the

77



racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

The interests and property obtained pursuant Title 18, United States Code, Sections 1963(a)(1), (a)(2) and (a)(3), include, but are not limited to, the following:

(1) All salaries and related benefits and employer contributions pertaining to the Diverted Employees who worked primarily or exclusively for CITIZENS FOR RYAN during the February through August 1998 period, including approximately ten employees working out of the Chicago, Homewood and Springfield CITIZENS FOR RYAN offices;

(2) All salaries and related benefits and employer contributions pertaining to SOS Office employees who were directed or authorized to perform and did perform CITIZENS FOR RYAN-related campaign work on state time during the 1994 primary effort on behalf of State Senator A; the 1994 reelection, the 1995-96 presidential primary campaign, the 1996 House races and the 1998 gubernatorial campaign;

(3) Assets and resources diverted from the Secretary of State's office for purposes of use by CITIZENS FOR RYAN;

(4) Campaign contributions, including fundraiser ticket sales, solicited and obtained by SOS Office employees acting as agents of CITIZENS FOR RYAN, that were procured through official misconduct and other illegal means;

(5) The value of all other SOS Office employee benefits provided to employees of the Secretary of State's office in return for campaign work performed on behalf of CITIZENS FOR RYAN, including promotions, raises and other benefits from 1994 through 1998; and

  (6) Campaign benefits and personal benefit derived by defendant FAWELL from activity in furtherance of the racketeering violation, including all "commissions", "consulting services" and other pecuniary benefits obtained, received and procured as part of the scheme to defraud, including all benefits conferred by Vendor A upon FAWELL and CITIZENS FOR RYAN.

 3. The interests of the defendants, jointly and severally, subject to forfeiture pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2) and (a)(3) include, but are not limited to, at least $1,000,000 and the interests and proceeds traceable thereto, including but not limited to assets maintained in the following bank accounts:

 North Community Bank Account #552240 in the name of CITIZENS FOR RYAN;

 Municipal Trust & Savings Bank Account #70969701 in the name of CITIZENS FOR RYAN;

 Illinois National Bank Account #00-0119-8 in the name of CITIZENS FOR RYAN;

 4. To the extent that the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 1963, as a result of any act or omission of the defendants:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

      (e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the property described as being subject to forfeiture, including, without limitation, the following:

      Bank One Savings Account #2130614572084 in the name of SCOTT R. FAWELL;

      Bank One Checking Account #2130021281083 in the name of SCOTT R. FAWELL;

      Bank One Checking Account #1115000331479 in the name of SRF Consulting;

      Morgan Stanley & Co. Inc. Account #06-24094 in the name of SCOTT R. FAWELL;

      The Vanguard Group SEP IRA #9930734395 in the name of SCOTT R. FAWELL; and

      Real property having a Permanent Index Number of 0922126006 in Kane County, Illinois, commonly known as 4000 Green Willow Drive, St. Charles, Illinois.

All pursuant to Title 18, United States Code, Section 1963.

A TRUE BILL:

_____
Foreperson

_____
United States Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SCOTT R. FAWELL, ) | |
| CITIZENS FOR GEORGE RYAN, SR. ) | |
| AND RICHARD JULIANO ) | |
| ) No. 02 CR 0310 | |
| ) Judge Rebecca R. Pallmeyer | |

## LIS PENDENS NOTICE

TO ALL WHOM IT MAY CONCERN:

NOTICE IS HEREBY GIVEN that the foregoing action, which affects title to real property, has been commenced and is now pending in the United States District Court between the parties named.

The object thereof is to forfeit to the UNITED STATES OF AMERICA, pursuant to the provisions of Title 18, United States Code, Section 1963, real property commonly known as 4000 Green Willow Drive, St. Charles, Illinois, more particularly described as:

LOT 12 IN THORNLEY ON THE FOX, UNIT NO. 2, ST. CHARLES, KANE COUNTY, ILLINOIS, IN THE CITY OF ST. CHARLES, KANE COUNTY, ILLINOIS.

PIN # 09-22-126-006-0000



2002 K 054880



Further information concerning this action may be obtained from records of the Clerk of the Court for the UNITED STATES DISTRICT COURT located in Chicago, Illinois.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY: *(signed)*

PATRICK COLLINS
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

Return to:

Tanya Sluder
United States Attorneys Office
219 South Dearborn Street
Room 500
Chicago, Illinois 60604

2002K054880

FILED FOR RECORD
KANE COUNTY, IL

2002K061316

'02 MAY 10 AM 11:45

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Sandy Wegman
RECORDER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SCOTT R. FAWELL, ) | |
| CITIZENS FOR GEORGE RYAN, SR. ) | |
| AND RICHARD JULIANO ) | |
| ) No. 02 CR 0310 | |
| ) Judge Rebecca R. Pallmeyer | |

## AMENDED LIS PENDENS NOTICE

ORIGINAL DOCUMENT NUMBER: 2002K054880

TO ALL WHOM IT MAY CONCERN:

NOTICE IS HEREBY GIVEN that the foregoing action, which affects title to real property, has been commenced and is now pending in the United States District Court between the parties named.

The object thereof is to forfeit to the UNITED STATES OF AMERICA, pursuant to the provisions of Title 18, United States Code, Section 1963, real property commonly known as 4000 Green Willow Drive, St. Charles, Illinois, more particularly described as:

LOT 33 IN THORNLEY ON THE FOX, UNIT NO. 2, ST. CHARLES, KANE COUNTY, ILLINOIS, IN THE CITY OF ST. CHARLES, KANE COUNTY, ILLINOIS.

PIN # 09-22-126-006-0000.

2002K061316

GOVERNMENT
EXHIBIT
C

Further information concerning this action may be obtained from records of the Clerk of the Court for the UNITED STATES DISTRICT COURT located in Chicago, Illinois.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY: _____
PATRICK COLLINS
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

Return to:

Tanya Sluder
United States Attorneys Office
219 South Dearborn Street
Room 500
Chicago, Illinois 60604

2002 K 061316